**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | | |
| | Plaintiff, | |
| vs. | | Case No. 4:01-cr-00012 |
| Robert Joseph Morin, | | |
| | Defendant. | |

**ORDER DENYING MOTION TO AMEND
PRESENTENCE INVESTIGATION REPORT**

[¶1]   THIS MATTER comes before the Court on a Motion to Amend Presentence Report filed by the Defendant on March 13, 2026. Doc. No. 272. The United States filed a Response on March 17, 2026. Doc. No. 273. The Defendant objects to certain charges in his Presentence Report.

[¶2]   Rule 32 of the Federal Rules of Criminal Procedure governs presentence investigation reports. While the Eighth Circuit has not decided whether courts have jurisdiction under Rule 32 to consider postsentencing objections to a presentence report, courts that have considered this issue have concluded Rule 32 does not confer such jurisdiction. See, e.g., United States v. Warner, 23 F.3d 287, 290 (10th Cir. 1994) (without more, Rule 32 of the Federal Rules of Criminal Procedure "cannot provide a district court with jurisdiction to hear challenges to a presentence report once sentence has been imposed"); United States v. Angiulo, 57 F.3d 38, 41 (1st Cir. 1995) ("Criminal Rule 32 provides no independent foundation for a postsentence motion to correct a PSI Report."); United States v. Franco, No. 8:21-cr-159, 2023 WL 2914394, at *1–2 (D. Neb. April 12, 2023) (concluding "Rule 32 does not give the Court authority to grant [the defendant] relief" in the form of removing information from his presentence investigation report after sentencing). See also

- 1 -

- 2 -

<u>United States v. Long</u>, 434 Fed. App'x 567, 567–68 (8th Cir. 2011) (noting the Defendant should have raised issues of inaccuracies in his presentence investigation "pursuant to Rule 32 at or before sentencing"). The Court agrees with these cases and concludes it lacks jurisdiction under Rule 32 over Defendant's request.

[¶3]    Likewise, Rule 36—which allows courts to correct clerical errors—also does not provide a basis for relief. Defendant "should have addressed any inaccuracies in the PSR pursuant to Rule 32 at or before sentencing; and [ ] he cannot now use Rule 36 to obtain the relief sought, which involves far more than correction of a clerical error." <u>Long</u>, 434 Fed. App'x at 567–68 (8th Cir. 2011). Accordingly, Defendant's request fails under Rule 36.

[¶4]    For these reasons, the Defendant's Motion to Amend Presentence Investigation Report is **DENIED**.

[¶5]        **IT IS SO ORDERED.**

DATED April 1, 2026

Daniel M. Traynor, District Judge
United States District Court

- 2 -